UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **AUSTIN WAYNE DUCOTE, ET. AL.** | * CASE NO. 1:23-CV-00360-TAD-JPM |
| **VERSUS** | * JUDGE TERRY A. DOUGHTY |
| **PROGRESSIVE PALOVERDE INSUARNCE COMPANY, ET. AL.** | * MAGISTRATE JUDGE JOSEPH H. L. PEREZ-MONTEX |

**MEMORANDUM IN SUPPORT OF MOTION TO REMAND**

MAY IT PLEASE THE COURT:

NOW INTO COURT, through undersigned counsel, come Plaintiffs, AUSTIN WAYNE DUCOTE and MONKEY SHINES 4 KIDS, LLC, who submit the following Memorandum in Support of their Motion to Remand this matter back to the 12th Judicial District Court of and for the Parish of Avoyelles, State of Louisiana pursuant to 28 U.S.C. § 1447(c). This matter has not yet been set for trial.

**PREFACE**

Defendant, Progressive Paloverde Insurance Company ("Paloverde"), has attempted to invoke the subject-matter jurisdiction of this Court based upon 28 U.S.C. § 1332 by alleging there is complete diversity between the parties. There is not. Co-defendant, Progressive Security Insurance Company ("Security"), is a non-diverse, Louisiana defendant, which remains a named party in this litigation, which has not been released or dismissed by Plaintiffs, and which has not consented to the removal of this action.

But more importantly, Paloverde has waived its rights to removal by failing to file a Notice of Removal within thirty (30) days following service of process on the last-served defendant

(Security). This is due to Paloverde's binding admission that it received notice of the alleged basis for removal at the time it was served with Plaintiffs' Petition.

Accordingly, this matter must be remanded back to the Louisiana 12th Judicial District Court on the following grounds, to wit:

1. Paloverde's Notice of Removal is untimely.
2. There is no complete diversity of citizenship because all plaintiffs are not diverse from all defendants;
3. Paloverde has offered no evidence supporting federal court jurisdiction; and
4. Security has not consented to removal.

## **OVERVIEW OF CLAIM**

Plaintiffs filed suit against Paloverde and Security on July 5, 2022. Plaintiffs seek damages, penalties, and attorney fees against both pursuant to La. R.S. 22:1973 and/or La. R.S. 22:1892 for their bad faith failure to make reasonable efforts to settle wrongful death claims that arose from a Texas motor vehicle accident. Paloverde's and Security's improper and bad faith handling of the claims resulted in a Texas verdict being rendered against Plaintiffs in the amount of approximately $4.7 million dollars – an amount significantly in excess of the coverage limits provided in their policies. Plaintiffs now seek redress from Paloverde and Security pursuant to Louisiana's insurance "bad faith" statutes, La. R.S. 22:1973 and 22:1892.

Paloverde was served with Plaintiffs' Petition on July 20, 2022.[1] Security was served on September 27, 2022.[2] Paloverde admits that it had notice of the basis for removal – alleged

---

[1] Doc. 1-1 at 1–4.

[2] *Id*. at 18–20.

fraudulent joinder – at the time it was served.[3]  Nevertheless, it waited until March 17, 2023 to file its Notice.[4]  Its Notice is untimely and its rights to removal are waived.  There is also no evidence to support removal in this case as Paloverde has failed to meet its burden of proof.

## JURISDICTION AND REMOVAL STANDARDS

Federal district courts (not sitting in admiralty or bankruptcy) have subject matter jurisdiction only over civil actions that (1) present a federal question or (2) involve a complete diversity of citizenship among the parties and an amount in controversy that exceeds $75,000 exclusive of interest and costs.[5]  Federal courts must presume that a suit lies outside of their "limited jurisdiction" unless and until the party invoking federal court jurisdiction establishes otherwise.[6]  The removal statute (28 U.S.C. §1441) must be strictly construed and any doubt about the propriety of removal must be resolved in favor of remand and *against* jurisdiction.[7]

The party invoking federal jurisdiction has the burden of establishing it and rebutting the presumption against removal.[8]  Even when a motion to remand is filed, the burden of establishing jurisdiction remains with the removing party.[9]  Paloverde cannot meet this burden.

For removal based on diversity, the removing defendant must also file a notice of removal thirty days after service of the complaint.[10]  If the case is not removable at the outset, a notice of removal may still be filed, but only within thirty days after the defendant receives a copy of any

---

[3] *See* Doc. 1 at 5–8.

[4] Doc. 1.

[5] 28 U.S.C. §§1331 and 1332.

[6] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

[7] *Gasch v. Hartford Accident & Indemn. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

[8] *Howery,* 243 F.3d at 919; *Coury v. Prot*, 85 F.3d 244 (5th Cir. 1996).

[9] *Teal Energy USA, Inc. v. GT, Inc.,* 369 F.3d 873, 878 (5th Cir. 2004).

[10] 28 U.S.C. §1446(b).

"pleading, motion, order or other paper from which it may be ascertained" that the case has become removable.[11] Paloverde's Notice of Removal is untimely because it was filed outside of this thirty-day period.

## LAW AND ARGUMENT

**I.  Paloverde's Notice of Removal is untimely.**

Paloverde claims that removal is proper because Security was "improperly joined." In other words, Paloverde is claiming "fraudulent joinder," which allegedly justifies the removal of this case to federal court. But even if Security was fraudulently joined (which Plaintiffs expressly deny[12]), Paloverde failed to seek removal timely.

A notice of removal based on fraudulent joinder must be filed within thirty days from the date the removing defendant first discovered that a non-diverse party was fraudulently joined.[13] The thirty days begin to run when the defendant receives "whatever writing … first constitutes notice."[14] Removing a case more than thirty days after the defendant reasonably could have learned of the facts that support fraudulent joinder is not permitted.[15]

In support of its fraudulent joinder argument, Paloverde points solely to the allegations of the Petition. Paloverde alleges that "the facts [in the Petition] do not point to a claim against the personal auto policy issued by PSIC."[16] It also alleges the Petition only points to Paloverde (not

---

[11] 28 U.S.C. §1446(b).

[12] *See* Doc. 1-4 at 120–123, 165.

[13] *Jernigan v. Ashland Oil Co.*, 989 F.2d 812, 815 (5th Cir. 1993).

[14] *Id.*

[15] *Delatte v. Zurich Ins. Co.*, 683 F. Supp. 1062, 1064 (M.D. La. 1988).

[16] Doc. 1 at 6.

Security) as having failed to adequately respond to the *Stowers* demands made in connection with the Texas suit.[17]  Finally, Paloverde states:

> In fact, while PSIC was named in the 12th Judicial District Court suit (subject to this removal), *a plain reading of the petition for damages shows there are no allegations, whatsoever, to indicate that Plaintiffs have a claim against PSIC* (the non-diverse defendant) nor that they are seeking coverage under the PSIC policy.[18]

Thus, Paloverde admits it received notice of the alleged fraudulent joinder it is asserting at the time it was served with Plaintiffs' Petition.  Its removal notice is now untimely.

"Factual assertions in pleadings … are considered to be judicial admissions conclusively binding on the party who made them."[19]  The statements cited above constitute a judicial admission that Paloverde had notice of the alleged fraudulent nature of Security's joinder at the time it was served with the Petition – July 20, 2022.  And since it did not file its Notice of Removal within the thirty days following service of the Petition (on either itself or Security), Paloverde has waived its right to removal.  Its Notice is untimely and should be denied.

**II.     There is no complete diversity of the parties and Paloverde has offered no evidence to support federal subject matter jurisdiction.**

In addition to fraudulent joinder, Paloverde speculates that Plaintiffs and Security have settled, thereby creating complete diversity of the parties – Plaintiffs as Louisiana residents and Paloverde, allegedly the sole remaining defendant, as a foreign domiciliary.  But Paloverde is wrong.  Plaintiffs have not dismissed Security; Security is still a defendant in the lawsuit; and Paloverde has offered no competent evidence to support federal jurisdiction on diversity (or federal question) grounds.

---

[17] *Id*.

[18] *Id*. at 6–7 (emphasis added).

[19] *White v. ARCO/Polymers, Inc.,* 720 F.2d 1391, 1396 (5th Cir.1983) (internal cites omitted).

Paloverde offers only one email in support of its diversity argument in which its attorney asks Plaintiffs' counsel if a settlement with Security has been reached. Then, without waiting for a response, Paloverde filed its Notice of Removal within a matter of days, with no additional evidence to support its claims. But such an unanswered inquiry and Paloverde's self-serving speculation of settlement fall far short of the threshold evidence needed to support removal to a court where jurisdiction is legally presumed not to exist. The truth is Security has not been released from this action, and Paloverde has no basis to support federal jurisdiction.

"A defendant's subjective knowledge cannot convert a case into a removable action."[20] In *S.W.S. Erectors*, the Fifth Circuit held that a defense attorney's affidavit, in which he attested to facts giving rise to removability that he learned during a conversation with plaintiff's attorney, did not qualify as "other paper" sufficient to give rise to grounds for removal.[21] Here, Paloverde has offered even less competent evidence in the form of an unsworn, unanswered email authored by its own lawyer, which states no facts and which provides no objective proof of anything.

Having failed to meet its burden of establishing jurisdiction, Paloverde's removal attempt must fail, and this matter must be remanded back to its original Louisiana district court.

### III.     Paloverde does not have consent of removal from all defendants.

Paloverde's removal attempt also fails because it did not obtain Security's consent. For a case to be removed, all defendants must agree. Paloverde did not obtain Security's consent to remove. Absent a valid reason for failing to obtain consent, the notice of removal is facially defective.[22] For this reason alone, this matter should be remanded. Paloverde claims that Security

---

[20] *S.W.S Erectors, v. Infax, Inc.* 72 F.3d 489, 494 (5th Cir. 1996).

[21] *Id*.

[22] *Oritz v. Young*, 431 F. App'x 306, 307 (5th Cir. 2011).

is a nominal, improperly joined party, but as shown above, it cannot support its position. Without Security's consent, removal is not available and Paloverde's removal attempt is improper. Remand is required.

## CONCLUSION

Paloverde has failed to support its Notice of Removal with sufficient evidence and has failed to obtain Security's consent. Security remains a defendant, defeating diversity.

Moreover, by Paloverde's own admission, it possessed information that gave it sufficient notice of fraudulent joinder[23] when it was served with Plaintiffs' Petition, nearly a year ago. Accepting its judicial confession as true, Paloverde's deadline for seeking removal was thirty days from the date of such service. It failed to seek removal during that time frame. Its rights to removal are now waived.

Based on the foregoing, Plaintiffs respectfully request that their Motion to Remand be granted, and this matter sent back to the 12th Judicial District Court for the Parish of Avoyelles, State of Louisiana for further proceedings until final resolution of Plaintiffs' claims.

## ATTORNEY FEES

Plaintiffs also request attorney fees pursuant to 28 USC §1447(C), where a remanding order may include payment of just cost, including attorney fees, incurred as a result of the removal. "Section 1447(C) authorizes courts to award costs and fees, but only when such an award is just."[24] "Absent unusual circumstances, courts may award attorney's fees under § 1447(C) only where the

---

[23] Plaintiffs expressly deny that Security was fraudulently or improperly joined in this action and continue to assert that Security is liable to Plaintiffs as alleged in Plaintiffs' Petition.

[24] *Martin v. Franklin Capital Corporation*, 546 U.S. 132, 138, 126 S. Ct. 704, 163 L.Ed.2d 547 (2005).

removing party lacked an objectively reasonable basis for seeking removal.[25] Unusual circumstances such as "failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees."[26] In the instant matter, Paloverde admits that it knew more than thirty days before it filed this removal that it had a basis to claim fraudulent joinder, which, of course, means that Paloverde lost its ability to remove this case, yet still removed this matter. Paloverde thus asserted a meritless removal, which provides a basis for an award under Section 1447(C).

Respectfully Submitted:

**LABORDE EARLES LAW FIRM, LLC.**

By: **DERRICK G. EARLES, Bar#29570**
*Email:* **service@onmyside.com**
**DAVID C. LABORDE, Bar#20907**
**MARY K. CRYAR, Bar#24062**
**M. BENJAMIN ALEXANDER, Bar#29065**
1901 Kaliste Saloom Road
P.O. Box 80098
Lafayette, Louisiana 70598-0098
Phone: 337-261-2617
Fax: 337-261-1934
***Attorneys for Plaintiffs***
*For all non-service relation communication Please direct to* digger@onmyside.com

---

[25] *Id*. at 141.

[26] *Id.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 29th day of March 2023, a copy of the above and foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

_____.
**DERRICK G. EARLES**