b

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| AUSTIN W. DUCOTE, ET AL., Plaintiffs | CIVIL DOCKET NO. 1:23-CV-00360 |
| VERSUS | DISTRICT JUDGE DOUGHTY |
| PROGRESSIVE PALOVERDE INSURANCE CO., ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Motion to Remand and for Attorney Fees filed by Plaintiffs Austin W. Ducote ("Austin"), Nicholas Paul Ducote ("Nicholas"), and Monkey Shines 4 Kids, L.L.C. ("Monkey Shines"). ECF No 8. Defendants Progressive Paloverde Insurance Company ("Progressive Paloverde") and Progressive Security Insurance Company ("Progressive Security") (collectively, "Defendants") oppose, and have also filed a Motion for Jurisdictional Discovery. ECF No. 15.

Because Progressive Paloverde's removal is defective, Plaintiffs' Motion to Remand and Motion for Attorney's Fees (ECF No. 8) should be GRANTED and Defendant's Motion for Jurisdictional Discovery (ECF No. 15) should be DENIED.

I. **Background**

Plaintiffs filed this petition for damages in the Louisiana 12th Judicial District Court in Avoyelles Parish. Plaintiffs named Progressive Paloverde and Progressive Security as Defendants. ECF No. 1-1 at 6. Progressive Paloverde issued a

commercial automobile insurance policy to Monkey Shines. ECF No. 1-1 at 7. Progressive Security issued a personal automobile insurance policy to Nicholas, on which Austin was an excluded driver.[1] ECF No. 1-4 at 52-53, 92.

Austin was the driver at fault (his negligence was stipulated at trial) in an automobile accident on August 8, 2017. He was driving in Texas within the course and scope of his employment for Monkey Shines. ECF No. 1-1 at 7. The accident resulted in two fatalities. *Id.* Austin was driving a temporary replacement vehicle– a 2011 GMC Sierra owned by Nicholas–at the time of the accident because the business truck was undergoing repairs. ECF No. 1-1 at 7-8. Nicholas, the owner and manager of Monkey Shines,[2] had given permission for his personal truck to be used temporarily by Monkey Shines. ECF No. 1-1 at 8.

The family members of the two accident victims filed a wrongful death and survival suit in Texas ("the Texas lawsuit"). ECF No. 1-1 at 8. Both Defendants denied any liability and, according to Plaintiffs' petition, filed a Petition for Declaratory Relief in Texas, asking the Court to find there was no coverage for the accident under either policy. ECF No. 1-1 at 9-10. The record does not reflect the disposition of that motion. However, neither Defendant was a party to the Texas

---

[1] Austin was excluded by his father, Nicholas, because he was only 16 years old when Nicholas initially obtained the insurance on that truck, and Nicholas wanted to reduce his premium. ECF No. 1-4 at 142, 145.

[2] Monkey Shines rented inflatables such as slides and bounce houses.

2

lawsuit. ECF No. 1-1 at 8-14. And in September 2021, a judgment totaling $4,732,000.00, plus interest, was entered in favor of the Plaintiffs in the Texas lawsuit and against Monkey Shines and Austin Ducote. ECF No. 1-1 at 13-14.

On July 7, 2022, Plaintiffs filed this lawsuit, alleging that Defendants acted in bad faith in failing to settle the claims in the Texas lawsuit. ECF No. 1-1 at 6. Progressive Paloverde answered the petition and filed exceptions of no cause of action, no right of action, and improper venue. ECF No. 1-2. The state court granted Progressive Paloverde's exceptions of no cause and no right of action as to the claims brought by Nicholas *only*, and denied the exception of improper venue. ECF No. 1-3.

In October 2022, Progressive Security filed a motion for summary judgment seeking dismissal of Austin's and Monkey Shines' claims. ECF No. 7. That motion was denied by the state court on December 22, 2022 (ECF No. 1-4 at 165). The state court found there was a factual issue as to whether the parties to the Progressive Security insurance contract intended to continue to exclude Austin the time of the last renewal, which covered the time of the accident. ECF No. 1-4 at 156-57. Progressive Security filed an application for supervisory writs on that ruling. ECF No. 1-4 at 1. However, in March 2023, Progressive Security filed a Motion to Dismiss its application for supervisory writs. ECF No. 1-5.

The next day, Defendant Progressive Paloverde removed, asserting diversity jurisdiction. ECF No. 1. Progressive Security did not join in the removal. Progressive Paloverde contends that, after Progressive Security's motion for summary judgment

was denied in state court, Progressive Security reached a "confidential agreement" to settle Plaintiffs' claims. ECF No. 1 at 3-4. Progressive Paloverde alleges that Plaintiffs intended to dismiss Progressive Security after the one-year removal. ECF No. 1 at 4. Progressive Paloverde argues that Progressive Security is only a nominal party at this point. ECF No. 1 at 4.

This Motion to Remand (ECF No. 8) followed.

II. <u>Law and Analysis</u>

    A.    <u>The record does not show there is complete diversity.</u>

Plaintiffs contend Progressive Security is a non-diverse Defendant. Plaintiffs contend that Nicholas and Austin are residents of Louisiana, that Monkey Shines is a Louisiana limited liability company,[3] and the Progressive Security is a Louisiana company.[4]

In cases where there is no suggestion that a federal question is involved, subject matter jurisdiction exists only if there is complete diversity among the parties and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332; *Lincoln Property Co. v. Roche,* 546 U.S. 81, 89 (2005).

---

[3] The citizenship of a limited liability company or other unincorporated association or entity is determined by the citizenship of all its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079-80 (5th Cir. 2008). The members of Monkey Shines and their citizenship have not been set forth.

[4] The business format of Progressive Security is not set forth, nor is its citizenship. There is only speculation by the other parties that Progressive Security is a citizen of Louisiana.

A "Notice of Diversity Jurisdiction Disclosure Statement Requirement" was sent to counsel for all parties in this case. ECF No. 4. Neither Progressive Security nor Monkey Shines complied with that requirement. Because there is no evidence in the record as to the citizenship of Progressive Security (or Monkey Shines), the Court cannot determine whether diversity exists.

B. In any event, the removal was procedurally defective.

1. Progressive Security did not consent to removal.

Pursuant to 28 U.S.C. § 1446(b)(2)(A), "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." Because Progressive Paloverde removed, any other defendants were required to consent.

When considering a motion to remand, the removing party bears the burden of showing that removal was proper. *See Willy v. Coastal Corp.,* 855 F.2d 1160, 1164 (5th Cir.1988). "This burden extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the procedural requirements of the removal statute." *Cenni v. Home Depot U.S.A., Inc.*, 2011 WL 4915546, at *2 (E.D. La. 2011) (citing *Dodson v. Spiliada Maritime Corp.,* 951 F.2d 40, 42 (5th Cir. 1992); *Brigham v. Pennywise RV Sales & Services, Inc.,* 2005 WL 435260, at *2 (W.D. La. 2005)). All served defendants must join in the petition for removal within 30 days of service on the first defendant. *See Doe v. Kerwood,* 969 F.2d 165, 167, 169 (5th Cir. 1992); *see also Ortiz v. Young*, 431 Fed. Appx. 306, 307 (5th Cir. 2011), *cert. den.*, 565

5

U.S. 1234 (2012). If consent of all served defendants is not timely obtained, the removal is procedurally defective. *See id.* This "rule of unanimity" requires that there be "some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have the authority to do so, that it has actually consented to such action"; each defendant does not need to sign the notice of removal to effect removal. *See Getty Oil Corp. v. Insurance Company of North America,* 841 F.2d 1254, 1262 n. 11 (5th Cir. 1988); *see also Moreno Energy, Inc. v. Marathon Oil Co.,* 884 F. Supp. 2d 577, 582–83 (S.D. Tex. 2012). There need only be some timely filed written indication from each defendant or from someone purporting to represent that defendant formally. *See Getty Oil Corp.,* 841 F.2d at 1262 n. 11; *Moreno Energy, Inc.,* 884 F. Supp. 2d at 582; *Spoon v. Fannin County Community Supervision and Corrections Dept.,* 794 F. Supp. 2d 703, 709 (E.D. Tex. 2011).

Progressive Security did not join in, or consent to, the removal. ECF No. 1. Although Progressive Paloverde contends Progressive Security has settled with Plaintiffs and is now only a nominal party, this Court's record does not reflect that, either.

Consent to removal in the form of filing an answer or a motion to dismiss has been rejected by courts within our Circuit. *See Berra v. Cutter Aviation of San Antonio, Inc.,* 2020 WL 7481966, at *3 (W.D. Tex. 2020); *see also Coffman v. Dole Fresh Fruit Co.,* 927 F. Supp. 2d 427, 432–33 (E.D. Tex. 2013). "District courts have

no power to overlook procedural errors relating to the notice of removal; instead, a district court must remand a case which was removed pursuant to a procedurally defective notice." *Harden v. Field Memorial Community Hospital,* 516 F. Supp. 2d 600, 606 (S. D. Miss. 2007), *aff'd,* 265 Fed. Appx. 405 (5th Cir. 2008) (citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09 (1941)); *see also Coffman*, 927 F. Supp. 2d at 433; *Roth v. Kiewit Offshore Services, Ltd.*, 625 F. Supp. 2d 376, 382 (S.D. Tex. 2008).

No formal document indicating Progressive Security's consent to removal was ever filed. The only document filed by Progressive Security was a "Notice of Response to Plaintiffs' State Court Petition," in which Progressive Security asks the Court to accept its Motion for Summary Judgment, filed on October 3, 2022 in state court in response to Plaintiffs' petition, "in lieu of" an answer. ECF No. 7. That is insufficient to indicate consent to removal.

However, there are three well-recognized exceptions to the unanimity rule: (1) where the defendant was not yet served with process at the time the removal petition was filed; (2) where a defendant is merely a nominal, unnecessary, or formal party-defendant; and (3) where the removed claim is a separate and independent claim under 28 U.S.C. § 1441(c). *See Moreno Energy, Inc.*, 884 F. Supp. 2d at 582 (citing *Jones v. Houston Independent School District*, 979 F.2d 1004, 1007 (5th Cir. 1992); *Farias v. Bexar County Board of Trustees for Mental Health Mental Retardation Services,* 925 F.2d 866, 871 (5th Cir.), *cert. denied,* 502 U.S. 866 (1991); *Moody v.*

7

*Commercial Insurance Co. of Newark, N.J.*, 753 F. Supp. 198, 200 (N.D. Tex. 1990)). Progressive Paloverde contends Progressive Security is only a nominal party, whose consent is not required.

A party to a complaint is "nominal," and thus disregarded for diversity purposes, if "in the absence of [that party], the Court can enter a final judgment consistent with equity and good conscience, which would not be in any way unfair or inequitable." *Cellular 7, Inc. v. New Cingular Wireless PCS, L.L.C.*, 2020 WL 1303505, at *8 (E.D. La. 2020) (quoting *Louisiana v. Union Oil Co. of California*, 458 F.3d 364, 366–67 (5th Cir. 2006)). Stated otherwise, "[n]ominal parties are generally those without a real interest in the litigation." *Legeaux v. Borg-Warner Corp.*, 2016 WL 6166166, at *2 (E.D. La. 2016) (citing *Wolff v. Wolff*, 768 F.2d 642, 645 (5th Cir. 1985)); *see also Cellular 7, Inc.*, 2020 WL 1303505, at *8. "To establish that non-removing parties are nominal parties, 'the removing party must show … that there is *no possibility* that the plaintiff would be able to establish a cause of action against the non-removing defendants in state court." *Tureaud v. Kephart*, 2010 WL 1254372, at *2 (E.D. La. 2010) (quoting *Farias*, 925 F.2d at 871). "If a removing defendant claims that a non-removing defendant is a nominal party, the removing party bears the burden of proving such." *Cellular 7, Inc.*, 2020 WL 1303505, at *8 (quoting *Tureaud*, 2010 WL 1254372, at *2).

Courts may examine "summary judgment type evidence" to aid in their determination of whether a non-removing party is only a nominal party. *See*

8

*Tureaud*, 2010 WL 1254372, at *2 (citing *Badon v. RJR Nabisco, Inc.,* 224 F.3d 382, 389 n. 10 (5th Cir.) *(Badon I), op. after certified question declined,* 236 F.3d 282, 286 (5th Cir.2000) (*Badon II*))). In doing so, courts must consider all factual allegations in the light most favorable to plaintiffs, and must resolve all contested factual issues in favor of plaintiffs. *See Tureaud*, 2010 WL 1254372, at *2 (citing *Burden v. General Dynamics Corp.,* 60 F.3d 213, 216 (5th Cir. 1995)). Courts do not decide whether a plaintiff will actually or probably prevail on the merits of a claim, but only whether it is *possible* for plaintiff to do so. *See id.* "[A]ny doubt as to the propriety of removal should be resolved in favor of remand." *Tureaud*, 2010 WL 1254372, at *2 (quoting *Gutierrez v. Flores,* 543 F.3d 248, 251 (5th Cir. 2008)).

Progressive Paloverde offers no evidence that Progressive Security confidentially settled with Plaintiffs other than its own conclusory allegations. Progressive Paloverde has not carried its burden of proving that Progressive Security is a nominal party. Therefore, because Progressive Security is still a party to this action, its consent to removal was required.

    2.   <u>The removal was untimely.</u>

Plaintiffs alternatively contend that Progressive Paloverde's removal was untimely. Progressive Paloverde cited improper joinder of Progressive Security in its Notice of Removal. ECF No. 1. Alternatively, Progressive Paloverde contends the lack of factual claims against Progressive Security in Plaintiffs' original petition indicated that Progressive Security was improperly joined and, alternatively, that

9

Progressive Security's 2023 Motion to Dismiss its writ application constitutes "other paper" from which the 30-day time limit can run. ECF No. 1 at 6, No. 18.

If a state court action is not originally removable, but later becomes removable—with the dismissal of the non-diverse defendant(s), for instance—a defendant may remove the case to federal court within 30 days of receiving notice that the case has become removable. *See* 28 U.S.C. § 1446(b)(3):

> Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable.

Here, removal on the basis of improper joinder is untimely because the action was removed more than 30 days after the original petition was filed. Although Progressive Paloverde also argues that Progressive Security's withdrawal of its writ application constitutes "other paper" from which the 30-day period can run, that argument is far from conclusive–no reason was given for the withdrawal.[5] In any event, that argument is moot.

The 30-day period is triggered by the pleading of paper from which Defendant can *first ascertain* the case is removable. 28 U.S.C. § 1446(b)(3). Because the original

---

[5] It is also possible that Progressive Security gave up its writ application due a change in the law that was averse to its arguments.

petition clearly predated Progressive Security's 2023 Motion to Dismiss its writ application, the filing of the original petition triggered the 30-day period.

The 30-day removal period ran from July 7, 2022. Thus, Progressive Paloverde's removal on March 17, 2023 was untimely.

### 3. Progressive Paloverde has not shown improper joinder of Progressive Security.

Progressive Paloverde removed on a claim that Progressive Security was fraudulently, or improperly, joined. Progressive Paloverde contends in its Notice of Removal (ECF No. 1) that the lack of allegations as to Progressive Security in Plaintiffs' Petition indicates improper joinder.

Plaintiff's argument assumes that Progressive Security is a Louisiana citizen, although that is also unclear in the record before this Court. Ordinary diversity jurisdiction requires complete diversity—all of the plaintiffs must be citizens of different states than all of the defendants. *See Williams v. Homeland Insurance Co. of New York*, 18 F.4th 806, 812 (5th Cir. 2021).

If a non-diverse defendant is improperly joined, however, a district court can disregard the citizenship of that defendant for the purposes of evaluating its jurisdiction. *Id.* A defendant may establish improper joinder in two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 573 (5th Cir. 2004), *cert. den.,* 544 U.S. 992 (2005)

11

(quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)); *see also Advanced Indicator & Manufacturing, Inc. v. Acadia Insurance Co.*, 50 F.4th 469, 473 (5th Cir. 2022).

Only the second method of proving improper joinder is at issue here. To show that a plaintiff cannot establish a cause of action against the non-diverse party in state court, a defendant must show "that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* "Importantly, 'to determine whether a plaintiff has improperly joined a non-diverse defendant, the district court must examine the plaintiff's possibility of recovery against that defendant *at the time of removal.*'" *Advanced Indicator & Manufacturing, Inc.*, 50 F.4th at 473 (quoting *Flagg*, 819 F.3d at 137).

For example, in the oft-cited *Hoyt* decision, the Texas plaintiffs sued three defendants in a Texas state court. Two of the defendants were Texas residents, and one was not. *See Advanced Indicator & Manufacturing, Inc.*, 50 F.4th at 474 (citing *Hoyt*, 927 F.3d at 291). The plaintiffs voluntarily dismissed one in-state defendant, and the state court granted another in-state defendant's motion for summary judgment. *Id.* (citing *Hoyt*, 927 F.3d at 292).

The out-of-state defendant then removed to federal court. *Id.* The plaintiffs moved to remand the case, arguing (as relevant here) that the state court's grant of

12

an in-state defendant's motion for summary judgment could not serve as the basis for removal because it violated the "voluntary-involuntary" rule. *Id.*

On appeal, the United States Fifth Circuit Court of Appeals held that the in-state defendant was improperly joined, as clearly demonstrated by the state court's grant of summary judgment. *Id.* (citing *Hoyt,* 927 F.3d at 296–97). The Fifth Circuit further held that, because improper joinder is an exception to the voluntary-involuntary rule, the rule did not bar removal. *Id.* The Fifth Circuit emphasized that, because "jurisdictional facts are determined at the time of removal, . . . to determine whether a plaintiff has improperly joined a non-diverse defendant, the district court must examine the plaintiff's possibility of recovery against that defendant *at the time of removal.*" *Advanced Indicator & Manufacturing, Inc.*, 50 F.4th at 474.

Progressive Paloverde contends Plaintiffs cannot establish a cause of action against Progressive Security, the alleged forum defendant. On December 22, 2022, however, the state court denied Progressive Security's Motion for Summary Judgment as to Austin's and Monkey Shines' claims (ECF No. 1-4 at 165). The state court's ruling, finding factual issues which precluded a summary judgment in favor of Progressive Security, provides a reasonable basis for the district court to predict that, at the time of removal, Plaintiffs had a possibility of recovery against Progressive Security.

13

Therefore, Progressive Paloverde has not shown that Progressive Security is improperly joined.

### C. Jurisdictional Discovery should be denied.

Finally, Progressive Paloverde contends the Plaintiffs reached a "confidential agreement" with Progressive Security before the case was removed. Counsel for Progressive Paloverde contend they were informed of the settlement by Plaintiffs' counsel prior to removal, and note that Progressive Security dismissed its writ application. ECF No. 11 at 2. Progressive Paloverde alleges that Plaintiffs have "confidentially agreed" to dismiss their claims against Progressive Security after the one-year deadline for removal had passed. Progressive Paloverde asks the Court to assume that Plaintiffs settled their claims with Progressive Security or, alternatively, order limited jurisdictional discovery.[6]

Limited jurisdictional discovery could be warranted under these circumstances, but only if resolution of that question would be material to or dispositive of the jurisdictional question. Here, it will not. Progressive Paloverde's removal was defective due to untimeliness. As such, the issue of whether a settlement was reached between Plaintiffs and Progressive Security is moot. Therefore, Progressive Paloverde's Motion for Jurisdictional Discovery (ECF No. 15) should be DENIED.

---

[6] *See Garrie v. AIU Insurance Co.,* 2013 WL 265234, at *1-*2 (W.D. La. 2013) (permitting a limited inquiry into the question of settlement to facilitate an appropriate resolution of the jurisdictional question).

D. <u>Plaintiff's Motion for Attorney's Fees should be granted.</u>

Plaintiffs seek attorney's fees and costs incurred if the court remands this action to state court pursuant to 28 U.S.C. § 1447(c).

Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). There is no automatic entitlement to an award of attorney's fees. *See Valdes v. Wal–Mart Stores, Inc.,* 199 F.3d 290, 292 (5th Cir. 2000). When the district court remands a case to state court, it should typically decline to award fees where the defendant had an "objectively reasonable basis for removal," absent unusual circumstances, *See Riverside Construction Co., Inc. v. Entergy Mississippi, Inc.,* 626 Fed. Appx. 443, 445 (5th Cir. 2015) (citing *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005)).

In determining whether a defendant had objectively reasonable grounds for removal, a court must "evaluate the objective merits of removal at the time of removal." *See Riverside Construction Co., Inc.,* 626 Fed. Appx. at 445 (citing *Valdes,* 199 F.3d at 293). The mere fact that a district court ultimately concludes that removal was improper is not a sufficient ground for awarding attorney's fees. *See id.* (citing *Valdes,* 199 F.3d at 292). Attorney's fees and costs should be granted only in the absence of any "objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005).

15

Pursuant to Local Rule 54.2 of this Court, "in all cases where attorney's fees are sought, the party desiring to be awarded such fees shall submit to the court a contemporaneous time report reflecting the date, time involved, and nature of the services performed. The report shall be in both narrative and statistical form and provide hours spent and justification thereof. Any judge of the court may, for good cause shown, relieve counsel of the obligation of filing such a report with the court."

Plaintiffs show that Progressive Paloverde's removal was clearly untimely. Moreover, at the time of removal, Progressive Paloverde did not have a reasonable basis to claim that Progressive Security was improperly joined. There is no evidence to support its allegation Progressive Security is a nominal party because Plaintiffs had secretly settled with it. Moreover, it is predictable that Plaintiffs have a possibility of recovery against Progressive Security because a Texas state court has already found there are factual issues which preclude a summary judgment in favor of Progressive Security. Because Progressive Paloverde lacked an objectively reasonable basis for removal, Plaintiffs' counsel should be granted an opportunity to produce evidence of the hours spent and justification thereof in support of their claim for attorney's fees.

III. Conclusion

Based on the foregoing, IT IS RECOMMENDED that Plaintiffs' Motion to Remand be GRANTED (ECF No. 8) and that this case be REMANDED to the Louisiana 12th Judicial District Court in Avoyelles Parish.

IT IS RECOMMENDED that Defendant's Motion for Jurisdictional Discovery (ECF No. 15) be DENIED.

IT IS FURTHER RECOMMENDED that Plaintiffs' Motion for Attorney's Fees (ECF No. 8) be GRANTED and that Plaintiffs' counsel be granted 28 days in which to produce a time report of the hours spent and justification thereof, in support of their claim.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this \_\_\_1st\_\_\_ day of February 2024.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge