UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

**AUSTIN W DUCOTE, ET AL**                         **CASE NO. 23-cv-360**

-vs-                                                **JUDGE DRELL**

**PROGRESSIVE PALOVERDE**          **MAGISTRATE JUDGE PEREZ-MONTES**
**INSURANCE CO., ET AL**

RULING

Before the court is Plaintiffs' "Time Sheet Report" (Doc. 30) filed in response to this the court's request for work performed in relation to Defendants' removal of this matter and Plaintiff's successful efforts to remand the matter. Defendants have filed an opposition (Doc. 31), and the matter is ripe for ruling.

Plaintiffs' four-page memo contains 2.5 pages of time entries totaling $28,080. Defendants object to the submission arguing Plaintiffs fail to provide justification for the entries, the rates are excessive, and the entries are duplicative. We agree.

The Fifth Circuit has explained the procedure for the calculation of reasonable attorneys' fees as follows:

> [The] determination of reasonable attorneys' fees involves a two-step procedure. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). Initially, the district court must determine the reasonable number of hours expended on the litigation and the reasonable hourly rates for the participating lawyers. Id. Then, the district court must multiply the reasonable hours by the reasonable hourly rates. Blum v. Stenson, 465 U.S. 886, 888 (1984) (defining base fee to be product of reasonable hours and reasonable rate); Hensley, 461 U.S. at 433 (defining product of hours reasonably expended and reasonable rates at "the most useful starting point"); Brantley v. Surles, 804 F.2d 321, 325 (5th Cir.1986) (stating hours multiplied by rate to be normal basis for fee). The product of this multiplication is the lodestar,

> which the district court then either accepts or adjusts upward or downward, depending on the circumstances of the case. Brantley, 804 F.2d at 325. Determinations of hours and rates are questions of fact. See Bode v. United States, 919 F.2d 1044, 1047 (5th Cir.1990) (reviewing hours for clear error).

La. Power & Light Co. v. Kellstrom, 50 F.3d 319, 323-24 (5th Cir.1995).

The lodestar calculation "provides an objective basis on which to make an initial estimate of the value of a lawyer's services." Hensley v. Eckerhart, 461 U.S. at 433. This estimate enjoys a strong presumption of reasonableness. Saizan v. Delta Concrete Prods. Co., 448 F.3d 795, 800 (5th Cir.2000). Accordingly, courts should not deviate from the lodestar unless a fee applicant proves an enhancement is necessary to make the fee award reasonable. Watkins v. Fordice, 7 F.3d 453, 459 (5th Cir.1992) (citing Blum, 465 U.S. 886, 897-98 (1984)).

As noted in La. Power & Light Co., "[a]djustment of the lodestar in this circuit involves the assessment of a dozen factors" from Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir.1974), which include:

> (1) the time and labor required for the litigation; (2) the novelty and complication of the issue; (3) the skill required to properly litigate the issues; (4) whether the attorney had to refuse other work to litigate the case; (5) the attorney's customary fee; (6) whether the fee is fixed or contingent; (7) whether the client or case circumstances imposed any time constraints; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) whether the case was "undesirable;" (11) the type of attorney-client relationships and whether that relationship was long-standing; and (12) awards made in similar cases.

488 F.2d at 717-719. La. Power & Light Co., 50 F.2d at 329, n19. While we must consider each of these factors in turn, the Fifth Circuit has suggested that district courts give "special heed" to the following Johnson criteria: (1) the time and labor required; (5) the customary fee; (8 the amount involved and the results obtained; and (9) the experience, reputation, and ability of counsel. Saizan, 4188 F.3d at 800 (citing Migas v. Pearle Vision, 135 F.3d 1041, 1047 (5th Cir.1998) (citations omitted)). However, several factors are often subsumed within the initial lodestar calculations, so courts must be careful not to "double count" those criteria already considered. Id.

It is well settled that not all twelve Johnson factors have equal weight, and the Supreme Court decreed that the "'most critical factor' in determining the reasonableness of a fee award is 'the degree of success obtained.'" Jason D.W. by Douglas W. v. Houston Indep. Sch. Dist., 158 F.3d 205, 209 (5th Cir.1998) (quoting Farrar v. Hobby, 506 U.S. 103, 114 (1992)). The degree of success obtained is "particularly crucial when ... the plaintiff is deemed 'prevailing' even though he succeeds on only some of his claims." Jason D.W., 158 F.3d at 209 (citing Hensley, 461 U.S. at 434).

In this matter, the Plaintiffs successfully fought against removal to federal court. However, there was nothing complex about the remand in this case. As argued by Plaintiffs, the parties were not diverse, and the removal was procedurally defective as Progressive Security failed to consent to removal and removal was untimely. Nonetheless, Plaintiffs have submitted nearly 70 hours of work performed by three very seasoned attorneys and most of those tasks were duplicative in nature. Despite this court's ordered directing Plaintiffs to produce a time report of the hours spent on the matter as well as a justification for those hours, only a brief and generic entry of the work performed appears. There is no justification as to the need for multiple experienced attorneys to

perform the same work, nor what legal research was conducted or why it was integral to this case. Moreover, the submission lacks any justification as to why each attorney's hourly rate should be considered "reasonable." These observations are made and also justified by this judge's long experience in litigation, both before taking the bench and the ins and outs of attorney billing habits and pricing to increase their billings when presentencing claims for approval by third parties. Here the amounts claim are unreal and bloated.

Accordingly, finding the $28,080 request to be quite excessive in comparison to the amount of work necessary to ensure the successful litigation of the remand issue, it is

ORDERED that Defendants pay $12,000 in attorney's fees to Plaintiffs. A judgment in conformity with these findings will be issued on this date.

THUS DONE AND SIGNED at Alexandria, Louisiana this ___ day of January 2025.

DEE D. DRELL, SENIOR JUDGE
UNITED STATES DISTRICT COURT